IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-83 |
| vs. | ORDER |
| KEVIN L. BROWN, | |
| Defendant. | |

In the first superseding indictment (filing 47) in this case, the above-captioned defendant was charged with conspiracy and several counts of bank robbery and weapons charges associated with bank robbery. In particular, the defendant was charged in Count III of the superseding indictment with using and carrying a firearm during an August 17, 2017 bank robbery. Filing 47 at 5-6. But Count V of the superseding indictment was identical. Filing 47 at 6-7. The defendant moved to dismiss one of the counts as multiplicitous. Filing 77.

The government has now obtained a second superseding indictment. Filing 108. Count V still charges the defendant with using and carrying a firearm during an August 17, 2017 bank robbery, but Count III now charges the defendant with using and carrying a firearm during an April 11, 2017 bank robbery. Filing 108 at 5-6. It is apparent from a review of the proceedings that the multiplicity in the superseding indictment was simply a typographical error.

In the Court's view, the second superseding indictment cures the typographical error and moots the defendant's motion to dismiss. The Court recognizes that technically, a superseding indictment does not have the effect of dismissing the previous indictment, and that both indictments can co-exist.

*United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004). The Court nonetheless sees little point to formally dismissing one count of a superseded indictment when the charge will obviously remain pending. The Court will, nonetheless, deny the defendant's motion to dismiss without prejudice. In the *extremely* unlikely event that the superseding indictment becomes relevant to disposition of the case and the defendant is prejudiced by multiplicity, the defendant may reassert his argument. In the meantime,

IT IS ORDERED that the defendant's motion to dismiss (filing 77) is denied without prejudice as moot.

Dated this 12th day of January, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge