IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **8:20CR83** |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION** |
| KEVIN L. BROWN, | |
| Defendant. | |

This matter is before the Court on the motion to dismiss on double jeopardy grounds (Filing No. 78; Filing No. 129) filed by Defendant, Kevin L. Brown. For the following reasons, the undersigned magistrate judge recommends that Defendant's motion to dismiss be denied.

**BACKGROUND**

Defendant and three co-defendants are charged in a superseding indictment with conspiracy and several counts of bank robbery and weapons charges associated with the bank robberies. (Filing No. 47). The superseding indictment alleges that Defendant and his co-defendants conspired to rob multiple banks in Council Bluffs, Omaha, Bellevue, and Lincoln between April 11, 2017, and September 28, 2018. The superseding indictment sets forth the "Overt Acts" the defendants are alleged to have taken in furtherance of the conspiracy; relevant to the instant motion, paragraph seven alleges that three of the defendants, including Defendant, robbed a Great Western Bank in Lincoln, Nebraska, on June 22, 2018. Count IX also separately charges two co-defendants—not Defendant—with bank robbery for the June 22, 2018, Great Western Bank robbery.

Defendant filed a motion to dismiss paragraph seven of the "Overt Acts" and Count IX of the superseding indictment on double jeopardy grounds because he was previously charged in this court with, and pled guilty to, one count of bank robbery under 18 U.S.C. § 2113(a) for the June 22, 2018, Great Western Bank robbery. (Filing No. 78; see Case No. 4:18CR3084). A second superseding indictment was returned in this case on December 16, 2020, to correct a typographical error, but the substantive offenses against Defendant remained the same. (Filing No. 108). Accordingly, Defendant has filed a renewed motion to dismiss asking that the court consider his

previously filed motion to dismiss on double jeopardy grounds with respect to the second superseding indictment.  (Filing No. 129).

## ANALYSIS

Defendant argues that he cannot be prosecuted in this action for the same June 22, 2018, bank robbery to which he pled guilty and was sentenced to 33 months in prison.  Defendant therefore seeks dismissal of paragraph 7 of the Overt Acts and Count IX as violative of the double jeopardy clause.  "The Fifth Amendment prevents criminal defendants from being 'twice put in jeopardy' in connection with the same offense, a guarantee that encompasses a second prosecution for the same offense after either conviction or acquittal as well as the imposition of multiple punishments." *United States v. Hively*, 437 F.3d 752, 762 (8th Cir. 2006) (citations omitted).  The Fifth Amendment "'provides a criminal defendant with three protections.  The first two guard against successive prosecution, either after an acquittal or after a conviction'. . . The third protects against 'multiple punishments for the same offense.'"  *United States v. Amaya*, 750 F.3d 721, 724 (8th Cir. 2014)(quoting *Dodge v. Robinson*, 625 F.3d 1014, 1017 (8th Cir. 2010) and *Bally v. Kemna*, 65 F.3d 104, 106 (8th Cir. 1995)).  Courts apply the same-elements test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), to determine if two offenses are the "same offense" for purposes of the Double Jeopardy Clause.  The *Blockburger* test asks whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution.  *Blockberger*, 284 U.S. at 304; *United States v. Dixon*, 509 U.S. 688, 696 (1993)(citations omitted).

Defendant was convicted for the June 22, 2018, Great Western Bank robbery under 18 U.S.C. § 2113(a).  See Case No. 4:18CR3084 - Filing No. 53. The government alleges that after Defendant's conviction, DNA testing and further investigation uncovered a larger bank robbery conspiracy between the defendants in this case, of which the June 22, 2018, bank robbery was but one part.  Defendant is now charged in this action with conspiracy to commit interference with commerce by robbery under 18 U.S.C. § 1951(a).  This will require the government to prove that two or more persons reached an agreement to either commit the crime of interference with commerce by robbery or commit bank robbery; Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; at the time Defendant joined in the agreement, he knew the purpose of the agreement; and while the

agreement was in effect, a person or persons knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement. In contrast, Defendant's conviction for bank robbery under 18 U.S.C. § 2113(a) required the government to prove that on June 22, 2018, Defendant took or attempted to take money from the presence of bank employees while that money was in the care or custody of Great Western Bank; the taking/attempted taking was by force and violence/intimidation; and the deposits of the bank were then insured by the FDIC or the like. Therefore, although the instant conspiracy charge against Defendant involves the same June 22, 2018, bank robbery, under the *Blockberger* test, it is not the same offense as his prior conviction. See *Dixon*, 509 U.S. at 711 (holding that if the offenses are not the same under the *Blockberger* test, double jeopardy does not apply even if the offenses involve the same conduct). And, it is well established for double jeopardy purposes that a conspiracy is not considered the same offense as the underlying substantive charge. See *United States v. Bennett*, 44 F.3d 1364, 1375 (8th Cir. 1995)("[I]t is axiomatic that a substantive offense is distinct from a conspiracy to commit that or another substantive offense.").

Count IX only charges two of Defendant's co-defendants, not Defendant, with bank robbery for the June 22, 2018, robbery. The double jeopardy clause does not prevent a subsequent prosecution of different individuals. The conspiracy charge against Defendant incorporating the June 22, 2018, robbery as an overt act also does not violate the double jeopardy clause. See *United States v. Pierre*, 795 F.3d 847, 852 (8th Cir. 2015)(citing *United States v. Felix*, 503 U.S. 378, 391 (1992)("The Double Jeopardy Clause . . . does not forbid a conspiracy prosecution merely because the defendant previously was convicted for a substantive offense that might have constituted an overt act in the conspiracy . . . This is also true for plea agreements."). Therefore, Defendant's motion to dismiss should be denied. Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Chief Judge John M. Gerrard, that Defendant's motion to dismiss (Filing No. 78; Filing No. 129) be denied.

Dated this 27th day of January, 2021.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.